IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| RANDAL B. McCOY, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
|    v. ) | 2:22cv398-MHT |
| ) | (WO) |
| CALHOUN COUNTY JAIL ) | |
| MEDICAL ADMIN., ) | |
| ) | |
|    Defendant. ) | |

OPINION AND ORDER

Pursuant to 42 U.S.C. § 1983 and state law, plaintiff, an inmate at the Calhoun County Jail, filed this lawsuit asserting that the medical staff at the jail acted with deliberate indifference to a serious risk of harm, in violation of the Eighth Amendment, and committed malpractice, when they failed to treat his right leg and knee injuries, leading to a worsening serious infection, severe pain, limping, and numbness in the toes.

This lawsuit is now before the court on the recommendation of the United States Magistrate Judge

that plaintiff's case be dismissed for improper venue because the complaint is deficient, including, inter alia, because it fails to name any individuals as defendants. Also before the court are plaintiff's objections to the recommendation, in which he elucidates his claims and makes clear that he wishes to sue Head Nurse Heather McCoy and Lieutenant Chames for failing to ensure that he received urgently needed medical treatment and instead transferring him to another jail. In his objections, plaintiff states facts which could be viewed as sufficient to allege that the nurse was subjectively aware that his medical need was serious and yet did not take reasonable measures to address his needs, as he describes his leg as being six times larger than normal and having an open wound leaking blood and pus. As the pro se plaintiff has made clear that if allowed to replead, a he could plead sufficient facts to state a viable claim for deliberate indifference, he should be given an

2

opportunity to attempt to replead his complaint and to name McCoy and Chames as defendants. However, as the magistrate judge properly observed, this case was filed in the wrong district, and repleading should occur only if the case is in the correct district.

The court has discretion, "if it be in the interest of justice, [to] transfer ... [a] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, the court finds that it would be in the interest of justice to transfer the case to the district where it should have been brought--the Northern District of Alabama--rather than to dismiss the case. As plaintiff is pro se and presumably was unaware of the law of venue when he filed his complaint, and as it is now clear that his claim could potentially be repleaded in a manner that would address its deficiencies, it would not be in the interest of justice for his case to be dismissed and for him to receive a strike under 28 U.S.C. § 1915(g) at this

time.

\*\*\*

Accordingly, after an independent and de novo review of the record, it is ORDERED as follows:

(1) Plaintiff's objections (Doc. 3) are sustained to the extent that this court concludes that his case is not frivolous and that he should be allowed to ask the transferee court to give him the opportunity to replead his complaint and name specific defendants after transfer of his case to the proper district. Of course, it will be up to the transferee court whether to allow such.

(2) The magistrate judge's recommendation (Doc. 2) is adopted to the extent it finds that venue is improper and is otherwise rejected.

(3) This case is transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1406(a).

The clerk of the court is DIRECTED to take appropriate steps to effect the transfer.

This case is closed in this court.

DONE, this the 7th day of September, 2022.

                                  /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**